IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STEVEN CHAMBERLIN,

     Plaintiff,

 v.

GEICO INDEMNITY COMPANY and
TOM TYRRELL,

     Defendants.

Case No. 3:19-cv-02036-L

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court in this insurance contract dispute is Plaintiff Steven Chamberlin's Motion to Remand (ECF No. 8). For the reasons stated, the District Court should DENY the Motion and DISMISS Defendant Tom Tyrrell[1] from the suit without prejudice.

## Background

This suit arises out of a claim for underinsured motorist (UIM) benefits. On September 30, 2018, Chamberlin was involved in a motor vehicle accident (the "Incident") with another driver who had $30,000 in liability insurance coverage. Pet. 4, ¶ 11 (ECF No. 1-1). According to Chamberlin, the Incident resulted from the other driver's negligence. *Id.* ¶ 9. Chamberlin allegedly sustained personal injuries

---

[1] Plaintiff named "Tom Tyrrel" as an individual defendant in this suit, but Defendants have since clarified that the appropriate spelling is "Tom Tyrrell."

from the Incident necessitating shoulder surgery, and he maintains that he still suffers from injuries sustained in the Incident. *Id.* ¶ 10. The other driver offered Chamberlin $30,000, his policy limit, to settle Chamberlin's claims. *Id.* ¶ 11. GEICO, Chamberlin's UIM insurer, permitted Chamberlin to settle the claim at that amount. *Id.*

On May 6, 2019, Chamberlin sent GEICO a demand for UIM benefits claiming that the other driver's $30,000 policy limit was inadequate to cover the damages Chamberlin sustained as a result of the Incident. *Id.* ¶ 13. In response, GEICO sent Chamberlin a letter offering him $4,909.17 in UIM benefits (the "Offer"). *Id.* ¶ 14. Chamberlin alleges the Offer "is far less" than his total damages sustained as a result of the Incident. *Id.* Chamberlin further alleges that Tyrrell, the insurance adjuster assigned to Chamberlin's UIM benefits claim, improperly adjusted his claim by conducting a substandard inspection and failing to account for all of Chamberlin's damages. *Id.* at 5, ¶ 14. Finally, Chamberlin alleges that, to date, Defendants "still have not paid the undisputed amount of the claim and that delay is causing [him] further harm[.]" *Id.* ¶ 15.

Chamberlin filed suit in County Court at Law No. 5, Dallas County, Texas on July 25, 2019 against Tyrrell and GEICO bringing claims under §§ 541.151 and 542.060 of the Texas Insurance Code and §§ 17.46(b)(5) and (9) and 17.50(a)(2), (3), and (4) of the Texas Deceptive Trade Practices Act (DTPA). Defendants removed the suit to this Court on August 26, 2019 invoking federal diversity jurisdiction. Defendants acknowledge in the Notice of Removal that both

Chamberlin and Tyrrell are citizens of Texas, but they contend that Tyrrell was improperly joined, and his citizenship should not be considered for purposes of determining diversity. On September 25, 2019, Chamberlin filed a Motion to Remand arguing that he did not improperly join Tyrrell and that Tyrrell's participation in the suit precludes federal diversity jurisdiction. Defendants timely responded to the Motion to Remand, and the time for Chamberlin to file a reply has passed. Thus, the Motion is ripe for determination.

## Legal Standards

### I. Removal and Remand

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Thus, a court "must presume" a suit lies outside its limited grant of jurisdiction, and the burden of establishing jurisdiction lies with the party seeking to invoke the federal forum. *Howery v. Allstate*, 243 F.3d 912, 916 (5th Cir. 2001). A defendant seeking to remove a case to federal court satisfies his burden by showing a basis for federal jurisdiction and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [of a removed case], the case shall be remanded." 28 U.S.C. § 1447(c); *see also Exxon Mobil Corp. v. Starr Indem. & Liab. Ins. Co.*, 716 F. App'x 349, 350-51 (5th Cir. 2018) (per curiam).

3

Moreover, any doubts concerning removal must be resolved against removal and in favor of remand. *Baylor Univ. Med. Ctr. v. Ark. Blue Cross Blue Shield*, 331 F. Supp. 2d 502, 508 (N.D. Tex. 2004) (quotation marks and citations omitted).

## II. Improper Joinder

A federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and all parties in the matter are completely diverse. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity requires that *each* plaintiff is completely diverse from *each* defendant. *Id*. In other words, complete diversity means "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (internal brackets and citation omitted).

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). "To establish improper joinder, the removing party must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id*. (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). The removing party's "burden of demonstrating improper joinder is a heavy one." *Id*. (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999)).

4

The test under the second prong is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant," meaning "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citations omitted); *accord Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). The "holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.* 390 F.3d 400, 412 (5th Cir. 2004).

To determine whether the defendant has demonstrated the plaintiff's inability to recover against the nondiverse defendant, courts conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (citing *Smallwood*, 385 F.3d at 573). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. The court's "Rule 12(b)(6)-type analysis . . . is used to resolve the issue of jurisdiction, not merits," however, and where a court finds a party is improperly joined, dismissal without prejudice is appropriate. *Int'l Energy Ventures*, 818 F.3d at 210.

### III. Rule 12(b)(6)

Under Rule 12(b)(6), the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that

6

the plaintiff is plausibly entitled to relief. *Id*. at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

### Preliminary Matters

First, in a footnote in his Motion, Chamberlin asks that, should the Court determine that he has failed to sufficiently plead his claims against Tyrrell, he be afforded an opportunity to amend his Petition before his Motion to Remand is decided. Mot. Remand 5 n.5. This request should be DENIED. The District Court should consider Chamberlin's Motion to Remand based on the sufficiency of the allegations in Chamberlin's Original Petition.

Under the time-of-removal doctrine, to determine whether jurisdiction is present for removal, a court considers the claims in the state court petition as they exist at the time of removal. *Manguno*, 276 F.3d at 723. *See also Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ("The second amended complaint should not have been considered in determining the right to remove, which . . . [is] to be determined according to the plaintiffs' pleadings at the time of the petition for

removal."). Thus, after a defendant has removed a case asserting improper joinder, a plaintiff may not "amend [its pleadings] in order to state a claim against the nondiverse defendant, and thus divest the federal court of jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995). *See Cohen v. Seneca Ins. Co.*, 2017 WL 1281254, at *4 (N.D. Tex. Mar. 24, 2017) (Lindsay, J.) ("A court may not look to postremoval filings or pleadings to determine the issue of improper joinder. . . . Limiting the determination of questions regarding removal jurisdiction to the claims set forth in the state pleading at the time of removal ensures finality and early resolution of the jurisdictional issue[.]" (citing *Cavallini*, 44 F.3d at 264)); *Dartez v. Allstate Ins. Co.*, 2011 WL 13217089, at *8 (E.D. Tex. Feb. 17, 2011) ("[A] post-removal amendment does not affect the Court's analysis of the plaintiffs' claims in the Original Petition for purposes of determining improper joinder as alleged by the defendants. It follows that if the plaintiffs' claims are amended after removal, this would have no bearing on the Court's remand analysis[.]"); *Smith v. Shred-It USA*, 2010 WL 3733902, at *2 (N.D. Tex. Sept. 23, 2010) ("[W]hile this Court must allow a Plaintiff confronting dismissal under Rule 12(b)(6) leave to amend [its] complaint, the Court cannot allow such re-pleading in the remand context."). Accordingly, Chamberlin's request to amend his pleadings to inform the Court's improper joinder analysis should be denied, as questions regarding removal jurisdiction are limited to the state court pleading as it existed at the time of removal.

Next, Chamberlin's Motion to Remand is accompanied by an appendix of more than 200 pages, which Chamberlin urges the Court to consider. But, aside from asserting that the documents in the appendix "demonstrate the amount of information that Tyrrell had before he violated the Insurance Code," Chamberlin does not explain their relevance. Mot. Remand 11-12. Defendants assert that the Court should disregard Chamberlin's evidence because it is not sworn or authenticated and because Chamberlin made no effort to demonstrate how it supports his claims. Resp. Mot. Remand 3-4 (ECF No. 12).

As stated above, ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Smallwood*, 385 F.3d at 573. But if a plaintiff has stated a claim, yet "misstated or omitted discrete facts that would determine the propriety of joinder," a court may, in its discretion, "pierce the pleadings and conduct a summary inquiry." *Id.* Courts that elect to pierce the pleadings should exercise caution because "[a]ttempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits[.]" *Id.* at 574. Here, the Court declines to pierce the pleadings; thus, it declines to consider Chamberlin's appendix. As discussed below, the Court concludes that Chamberlin has not stated any claim against Tyrrell. Accordingly, the Court need not look beyond the pleadings.

## Analysis

Citizenship in this case is undisputed. Chamberlin and Tyrrell are both individuals and citizens of Texas. *See* Notice of Removal 3 (ECF No. 1). GEICO is a

corporation and a citizen of Maryland. *See id*. Defendants do not contend that Chamberlin has engaged in actual fraud in the pleading of jurisdictional facts. Thus, the improper-joinder inquiry turns on whether Chamberlin can establish a cause of action against Tyrrell.

<u>I. The federal plausibility pleading standard applies.</u>

The parties dispute whether the Court should apply the federal plausibility pleading standard incorporated in Rule 12(b)(6) or the less stringent Texas fair notice pleading standard in deciding whether Chamberlin has demonstrated an ability to recover against Tyrrell and thus whether Chamberlin properly joined Tyrrell. In advocating that the Court apply the Texas pleading standard, Chamberlin explains that "some federal district courts in Texas have applied the federal pleading standard, [but] the majority have applied the more lenient Texas 'fair notice' pleading standard when evaluating the sufficiency of factual allegations for the purpose of determining improper joinder." Mot. Remand 4 n.4. Chamberlin cites several district court opinions for this proposition. *See id*. He also cites two Fifth Circuit opinions—*Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x 340 (5th Cir. 2013) (per curiam) and *Michels v. Safeco Insurance Co.*, 544 F. App'x 535 (5th Cir. 2013) (per curiam)—approving of the use of the Texas pleading standard in determining improper joinder. *Id*.

However, Chamberlin overlooks *International Energy Ventures*, which holds that the "precedent is clear: A federal court must apply the federal pleading standard" in an improper joinder analysis. *Int'l Energy Ventures*, 818 F.3d at 208.

In so holding, the Fifth Circuit expressly overturned both *Akerblom* and *Michels*. *Id.* at 201 ("The *De La Hoya*, *Akerblom*, and *Michels* opinions do not articulate any reason for applying the state pleading standard. To the extent that they hold the state pleading standard must be applied, we believe such a holding is neither consistent with our precedent . . . nor, as unpublished decisions, do they constitute precedent."). The Court will thus apply the federal pleading standard in determining whether there is a reasonable basis to predict that Chamberlin could recover against Tyrrell.

II. There is no reasonable basis for the Court to
predict that Chamberlin could recover against Tyrrell.

Chamberlin's Petition contains scant factual allegations against Tyrell. Indeed, the only allegations that mention Tyrrell's conduct are as follows:

> Defendant Tyrell [sic] was the person who, on behalf of Defendant Geico, was the adjuster handling Plaintiff's claim for benefits under The Insurance Policy. . . . On May 20, 2019, Defendants Tyrrel [sic] and Geico responded [to Chamberlin's claim] with a letter offering $4,909.17. In that letter, Defendants Tyrrel [sic] and Geico failed to explain the facts or basis for the evaluation. Of course, that offer is far less than Plaintiff's total damages sustained as a result of the collision. Thus, Tyrrel [sic] improperly adjusted Plaintiff's claim by conducting a substandard inspection failing to account for all of Plaintiff's damages.

*Id.* at 4-5, ¶¶ 12, 14. The Court acknowledges that claims must be specifically asserted against an individual nondiverse defendant for that defendant to be properly joined, *Gutierrez v. Allstate Fire & Cas. Ins. Co.*, 2017 WL 2378298, at *4 (N.D. Tex. June 1, 2017), and "[m]erely lumping diverse and non-diverse

defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant," *Studer v. State Farm Lloyds*, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014) (citing *Griggs*, 181 F.3d at 699). Nonetheless, for the purposes of addressing whether Chamberlin improperly joined Tyrrell, the Court will consider all Chamberlin's statements that allege conduct as to Tyrrell.

### A.  Texas Insurance Code Claims

Chamberlin asserts that Defendants violated §§ 541.051, 541.052, 541.060, and 541.061 of the Texas Insurance Code and that Defendants are consequently liable to him under § 541.151 of the Insurance Code and § 17.50 of the DTPA. Pet. 5-6, ¶ 16. He further asserts that Defendants violated §§ 542.003, 542.055, 542.056, 542.057, and 542.058 of the Texas Insurance Code and that Defendants are consequently liable to him under § 542.060 of the Texas Insurance Code. *Id.* at 6-8, ¶¶ 17-19.

Chamberlin has not adequately alleged a § 541.051 violation against Tyrrell. Section 541.051 prohibits making misrepresentations regarding a policy by, among other things, making or circulating an estimate, illustration, circular, or statement misrepresenting with respect to a policy: "(A) the terms of the policy; (B) the benefits or advantages promised by the policy; or (C) the dividends or share of surplus to be received on the policy[.]" Tex. Ins. Code § 541.051(1).[2] Because

---

[2] Section 541.051 contains four other prohibitions, but Chamberlin appears only to assert § 541.051(1). *See* Pet. 5, ¶ 16(a).

Chamberlin's Petition does not contain a factual allegation that Tyrrell misrepresented any facet of the policy at issue, there is no reasonable basis for the Court to conclude that Chamberlin could recover from Tyrrell for a § 541.051 violation.

Chamberlin has not adequately alleged a § 541.052 violation against Tyrrell for the same reason. Section 542.052 prohibits false information and false advertising by: "mak[ing], publish[ing], disseminat[ing], circulat[ing], or plac[ing] before the public . . . an advertisement, announcement, or statement containing an untrue, deceptive, or misleading assertion, representation, or statement regarding the business of insurance or a person in the conduct of the person's insurance business." Tex. Ins. Code § 541.052. But Chamberlin's Petition does not mention any advertisement, announcement, or statement by Tyrrell at all, let alone an untrue or deceptive one.

Chamberlin has likewise not adequately pleaded a § 541.060 violation against Tyrrell. Section 541.060(a) prohibits engaging in unfair settlement practices by: (1) misrepresenting a material fact or policy provision relating to the coverage at issue; (2) failing to attempt a prompt, fair, and equitable settlement of (a) a claim where the insurer's liability is reasonably clear; or (b) a claim under one portion of a policy where the insurer's liability is reasonably clear to influence a claimant to settle under another portion of the policy; (3) failing to promptly provide to a policyholder a reasonable explanation of the basis for the insurer's denial of a claim or an offer of a compromise settlement of a claim; (4) failing to

affirm or deny coverage within a reasonable time; (5) refusing, failing, or unreasonably delaying settlement on the basis that a third party may be responsible for the damages suffered; (6) enforcing a full and final release of a claim from a policyholder when only partial payment has been made; (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim; (8) delaying or refusing settlement of a claim solely because there is other insurance of a different kind available to satisfy the loss; or (9) requiring a claimant to produce his federal income tax returns for inspection as a condition of settlement. Tex. Ins. Code § 541.060(a).

The only allegations of Chamberlin's that can plausibly be construed as allegations of unfair settlement practices are: (1) that Tyrrell "conducted a substandard investigation," and (2) that Tyrrell "failed to explain the facts or basis" for the Offer. The former most closely mirrors the § 541.060(a)(7) prohibition against refusing to pay a claim without conducting a reasonable investigation. Allegations related to substandard inspection can also give rise to liability under § 541.060(a)(2)(A) for failing to attempt a fair and equitable settlement. *See*, *e.g.*, *Avila v. Metro. Lloyds Ins. Co.*, 2017 WL 1232529, at *13 (N.D. Tex. Feb. 21, 2017), *adopted by* 2017 WL 1211339 (N.D. Tex. Apr. 3, 2017). The latter allegation most closely mirrors the § 541.060(a)(3) prohibition against failing to promptly provide to a policyholder a reasonable explanation of the basis for the insurer's denial of a claim or an offer of a compromise settlement. However, these allegations do not state a claim against Tyrrell under § 541.060(a)(2)(A), (3), or (7) because they do

not contain enough factual support such that there is a reasonable basis for the Court to predict that Chamberlin could recover against Tyrrell for violating them.[3]

Indeed, Chamberlin appears to allege that *because* the Offer was less than the damages Chamberlin contends he sustained, Tyrrell conducted a substandard inspection. *See* Pet. 4-5, ¶ 14. But Chamberlin provides no further support for this conclusion, and the Court disagrees that the inspection was necessarily substandard because Chamberlin deems the Offer low. *See DB Broadway Commons LLC v. Cent. Mut. Ins. Co.*, 2018 WL 9877972, at *4 (W.D. Tex. Aug. 14, 2018) ("Plaintiff's allegations that [the adjuster] conducted an 'inadequate' and 'results-oriented' investigation, and violated Sections 541.060(a)(2)(A) and 541.060(a)(7)[,] . . . are insufficient to state a claim under [the federal pleading standard], as the allegations are conclusory and merely track statutory language[.]").

---

[3] There is a split in authority as to whether, as a matter of law, an individual adjuster can be held liable for unfair settlement practices under § 541.060(a). *Compare*, *e.g.*, *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (noting that adjusters cannot be liable under the certain § 541.060(a) subsections because adjusters do not have settlement authority (citing *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014))), *with Martinez v. State Farm Lloyds*, 2016 WL 4427489, at *2 (N.D. Tex. Aug. 22, 2016) (concluding that an insurance adjuster may be held personally liable for engaging in unfair settlement practices under Section 541.060(a)(2)), *and Gibson v. Liberty Ins. Corp.,* 2017 WL 3268028, at *9 (N.D. Tex. July 31, 2017) (same). Because the split in authority must be resolved in favor of remand, *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) (per curiam), the Court assumes that an individual adjuster can be liable for unfair settlement practices and assesses whether Chamberlin has stated any claim against Tyrrell under § 541.060(a).

To the contrary, Chamberlin's allegations fall short of containing the measure of factual support that courts have determined state a claim under §§ 541.060(a)(2)(A) and (7). Courts have found as adequate pleadings that describe, for example, how an adjuster spent an insufficient amount of time inspecting damages and omitted particular damages from a report. *See*, *e.g.*, *Aviles v. Allstate Fire & Cas. Ins. Co.*, 2019 WL 3253077, at *3 (S.D. Tex. July 9, 2019) (finding as adequate allegations that adjuster failed to include in report "clearly visible evidence of wind and/or hail damage . . . [which] strongly support[s] the finding that the [Allstate adjuster] spent an inadequate time scoping for damages"), *adopted by* 2019 WL 3412433 (S.D. Tex. July 29, 2019); *Haltom v. Metro. Lloyds Ins. Co.*, 2018 WL 3130664, at *4 (N.D. Tex. June 4, 2018) (finding as adequate allegations that the adjuster was improperly trained, failed to include in report particular storm damage noted upon inspection, and "grossly undervalued" costs of repairs for damages), *adopted by* 2018 WL 3128985 (N.D. Tex. June 26, 2018); *Avila*, 2017 WL 1232529, at *12 (finding as adequate allegations that adjuster spent "a mere thirty (30) minutes" inspecting damages and "noted some exterior damages 'upon inspection' but that these damages were then omitted from his report"); *Hutchins Warehouse Ltd. v. Am. Auto. Ins. Co.*, 2017 WL 2691315, at *2 (N.D. Tex. June 22, 2017) (finding as adequate allegations that adjuster focused on pre-existing damages in inspection despite his knowledge of structural damage); *Mary v. Allstate Tex. Lloyd's*, 2017 WL 7735066, at *9 (N.D. Tex. Oct. 5, 2017) (finding as adequate allegations that adjuster spent an

16

inadequate amount of time inspecting damages, omitted "full extent of damage to [plaintiff's] roof" from the report, and defendants "use[d] their own statements about the non-severity of the damages as a basis for denying properly covered damages"), *adopted by* 2017 WL 6462009 (N.D. Tex. Dec. 19, 2017); *Cruz v. State Farm Lloyds*, 2017 WL 6447200, at *3 (N.D. Tex. Dec. 18, 2017) (finding as adequate allegations that adjuster inspected damage for 20 minutes and omitted from report particular interior and exterior damages to plaintiff's home, including "damages to the exterior siding, fence and patio").

Here, Chamberlin has not supported his allegation that Tyrrell conducted a substandard inspection of his damages with any specific factual allegations. Instead, he merely asserts that, because the Offer is less than the total damages Chamberlin contends he sustained, Tyrrell did not account for all of Chamberlin's damages. Such a general allegation is conclusory and inadequate. There is no reasonable basis for the Court to predict that Chamberlin could recover against Tyrrell under §§ 541.060(a)(2)(A) or (7).

Similarly, Chamberlin's allegations do not contain the measure of factual support courts have accepted as sufficient to state a claim under § 541.060(a)(3). Section 541.060(a)(3) "does not obligate an insurer to provide an insured every piece of information . . . the insurer has regarding the offer or the investigation." *Mid-Continent Cas. Co. v. Eland Energy, Inc.,* 795 F. Supp. 2d 493, 534 (N.D. Tex. 2011), *aff'd,* 709 F.3d 515 (5th Cir. 2013). Rather, an insurer is required "to provide a *reasonable explanation* of the factual or legal basis in the policy" for an offer. *Id.*

(emphasis added). A plaintiff who "fails to provide any factual basis for its belief that [the insurer's] explanation for a claim was unreasonable" has not stated a claim under § 541.060(a)(3). *See Columbia Mut. Ins. Co. v. Cedar Rock Lodge, LLC*, 2016 WL 1073051, at *4 (N.D. Tex. Feb. 3, 2016), *adopted by* 2016 WL 1059677 (N.D. Tex. Mar. 17, 2016). *See also Byrd v. Liberty Ins. Corp.*, 2018 WL 8807562, at *5 (S.D. Tex. Mar. 14, 2018) (finding allegations inadequate where they did not "lay out any details from which the Court may evaluate (1) the promptness of Defendants' provision of explanations regarding policy determinations; (2) the particulars of the Parties' disagreement over the policy's coverage; or (3) the reasonability, or lack thereof, of Defendants' explanations regarding positions taken on Plaintiff's insurance claims").

The Court recognizes that Chamberlin alleges Tyrrell provided no explanation at all for the Offer. But this allegation is inadequate when viewing the allegations as a whole. Indeed, in *Avila*, the Court found an allegation that defendants "failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being paid" adequate under § 541.060(a)(3) in light of the allegations "as a whole," because it was clear from the petition that defendants "never explained why [plaintiffs'] claim was denied with respect to *several specific types of damages* to their home." *Avila*, 2017 WL 1232529, at *13 (emphasis added). As explained above, Chamberlin has failed to provide factual support for his contentions that Tyrrell's investigation was substandard. In view of

the allegations as a whole, there is no reasonable basis for the Court to predict that Chamberlin could recover against Tyrrell under § 541.060(a)(3).

Chamberlin has also not adequately alleged a § 541.061 violation against Tyrrell. Section 541.061 prohibits misrepresenting an insurance policy by: "(1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact; (4) making a material misstatement of law; or (5) failing to disclose a matter required by law to be disclosed[.]" Tex. Ins. Code § 541.061. Chamberlin does allege that Tyrrell "failed to explain the facts or basis" for the Offer. Pet. 4, ¶ 14. However, this allegation does not state a claim under § 541.061 because it does not involve misstating a material fact. And, while Chamberlin asserts that Tyrrell's explanation for the Offer was generally lacking, he does not assert that it lacked information *required* by law to be disclosed. There is no reasonable basis for the Court to predict that Chamberlin could recover against Tyrrell for any of the generally asserted violations of Chapter 541 of the Texas Insurance Code.

Chamberlin also brings claims against Tyrrell under Chapter 542 of the Texas Insurance Code. However, an individual adjuster such as Tyrrell cannot be liable under Chapter 542 because that chapter only applies to insurers. *Mainali*, 2015 WL 5098047, at *6. An adjuster is not an insurer. *See* Tex. Ins. Code § 542.002; *see also Messersmith*, 10 F. Supp. 3d at 723. Thus, the Court finds no

reasonable basis to predict that Chamberlin could recover against Tyrrell for any violation of Chapter 542 of the Texas Insurance Code.

### B. DTPA Claims

Chamberlin also brings claims against Tyrrell for violations of §§ 17.46(b)(5) and (9) as well as 17.50(a)(2), (3), and (4) of the DTPA. There is no reasonable basis for the Court to predict that Chamberlin can recover against Tyrrell for any of them.

Chamberlin has not adequately pleaded a § 17.46(b)(5) claim against Tyrrell. Section 17.46(b)(5) provides that "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not" is a deceptive trade practice. Tex. Bus. & Com. Code § 17.46(b)(5). Chamberlin alleges that GEICO issued him an insurance policy that provided coverage for all damages incurred in a motor vehicle collision where damages exceed the negligent party's liability insurance coverage and that Tyrrell offered him "far less" than his damages sustained in the collision at issue. Pet. 4, ¶¶ 11, 14. Importantly, however, Chamberlin does not allege that Tyrrell represented that he or the insurance policy had *any* particular characteristic or quality at all. As stated above, Chamberlin's allegations regarding Tyrrell's misconduct are limited to the purported mishandling of Chamberlin's claim for UIM coverage.

Chamberlin cannot recover against Tyrrell for claims under §§ 17.46(b)(9), 17.50(a)(2), or 17.50(a)(3) because these subsections concern the sale and provision of insurance, which, as an adjuster, Tyrrell does not do. Section 17.46(b)(9) provides that "advertising goods or services with intent not to *sell them as advertised*" is a deceptive trade practice. Tex. Bus. & Com. Code § 17.46(b)(9) (emphasis added). Section 17.50(a)(2) provides a cause of action for one who suffers damages as a result of a breach of an express or implied warranty. *Id.* § 17.50(a)(2). But the DTPA does not create warranties; rather, warranties are "collateral agreement[s] made in connection with a *sale*." *Rosen v. Nat'l Hot Rod Ass'n*, 1995 WL 755712, at *4 (Tex. App.—Houston [14th Dist.] Dec. 21, 1995, writ denied) (emphasis added).[4] And § 17.50(a)(3) provides a cause of action for one who suffers damages as a result of any unconscionable action. Tex. Bus. & Com. Code § 17.50(a)(3). Section 17.50(a)(3) requires that the seller of a good or service take advantage of the consumer *at the time of sale*. *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 441 (Tex. 1995). Adjusters are "entirely unrelated" to the sale and provision of insurance. *See Messersmith*, 10 F. Supp. 3d at 724. Indeed, as an adjuster, Tyrrell does not sell nor provide insurance to Chamberlin. Thus, he cannot be held liable for violations of DTPA provisions such as §§ 17.46(b)(9),

---

[4] Even if an adjuster such as Tyrrell may be held liable for a breach of a warranty made collateral to the sale of an insurance policy, there is still no reasonable basis for the Court to predict in this case that Chamberlin can recover against Tyrrell for a breach of a warranty because Chamberlin does not allege the existence of a warranty.

17.50(a)(2), and 17.50(a)(3), that concern insurance sales. There is no reasonable basis for the Court to predict that Chamberlin can recover against Tyrrell for violations of these subsections.

Finally, Chamberlin has not adequately pleaded a § 17.50(a)(4) violation against Tyrrell. Section 17.50(a)(4) provides a cause of action for one who suffers damages as a result of a violation of Chapter 541 of the Texas Insurance Code. Tex. Bus. & Com. Code §17.50(a)(4). As discussed above, there is no reasonable basis for the Court to conclude that Chamberlin could recover against Tyrrell for a Chapter 541 violation. Thus, there is necessarily no reasonable basis for the Court to conclude that Chamberlin could recover against Tyrrell for a § 17.40(a)(4) violation. *See Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 2016 WL 931217, at \*6 (N.D. Tex. Mar. 11, 2016) (holding that insured could not recover against adjusters under § 17.50(a)(4) where insured could not recover against adjusters under Texas Insurance Code because "[t]he DTPA claim is derivative of the Texas Insurance Code claims." (citing *Mainali*, 2015 WL 5098047, at \*6)).

Because there is no reasonable basis to conclude that Chamberlin can recover against Tyrrell for any of his asserted causes of action, Chamberlin improperly joined Tyrrell. Tyrrell's citizenship is not considered for purposes of determining whether there is complete diversity. Thus, the pleadings establish that the parties are completely diverse. The pleadings further establish that the amount in controversy exceeds $75,000. Pet. 11, ¶ 28; Notice of Removal 3.

Because Defendants have satisfied the requirements of 28 U.S.C. § 1332 and met the burden of establishing improper joinder, Chamberlin's Motion to Remand should be DENIED. Chamberlin's claims against Tyrrell should be DISMISSED without prejudice. *Int'l Energy Ventures*, 818 F.3d at 210 ("[T]he dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal *without* prejudice in every instance." (emphasis in original)).

### Recommendation

For the reasons stated, the District Court should DENY Chamberlin's Motion to Remand (ECF No. 8) and DISMISS Tyrrell from the suit without prejudice.

**SIGNED** May 26, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).