IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN CHAMBERLIN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:19-cv-02036-L-BT |
| § | |
| GEICO INDEMNITY COMPANY and § | |
| TOM TYRRELL, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this insurance dispute is a Motion to Dismiss filed by Defendants GEICO Indemnity Company (GEICO) and Tom Tyrrell (ECF No. 5).[1] For the reasons stated, the District Court should GRANT the Motion in part.

## Background

This suit arises out of a claim for underinsured motorist (UIM) benefits. Chamberlin alleges that he was involved in a motor vehicle accident (the "Incident") with another driver who had $30,000 in liability insurance coverage. Pet. 4, ¶ 11 (ECF No. 1-1). According to Chamberlin, the Incident resulted from the other driver's negligence. *Id.* ¶ 9. Chamberlin sustained personal injuries from the Incident necessitating shoulder surgery, and he claims that he still suffers from

---

[1] By separate Findings, Conclusions, and Recommendation (ECF No. 16), the undersigned has recommended that Tyrrell be dismissed from the suit for improper joinder.

1

injuries sustained in the Incident. *Id.* ¶ 10. The other driver offered Chamberlin $30,000, his policy limit, to settle Chamberlin's claims. *Id.* ¶ 11. GEICO, Chamberlin's UIM insurer, permitted Chamberlin to settle the claim at that amount. *Id.*

Thereafter, Chamberlin sent GEICO a demand for UIM benefits claiming that the other driver's $30,000 policy limit was inadequate to cover the damages Chamberlin sustained as a result of the Incident. *Id.* ¶ 13. Chamberlin alleges that GEICO responded to his demand with a letter offering him $4,909.17 in UIM benefits (the "Offer"), and that such amount "is far less" than Chamberlin's total damages sustained as a result of the Incident. *Id.* ¶ 14. He further alleges that, to date, Defendants "still have not paid the undisputed amount of the claim and that delay is causing [him] further harm[.]" *Id.* ¶ 15.

Chamberlin originally filed suit in County Court at Law No. 5, Dallas County, Texas against Tyrrell and GEICO bringing claims for violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act (DTPA). Defendants removed the suit to this Court invoking federal diversity jurisdiction, arguing that Tyrrell, a citizen of Texas, was improperly joined. Defendants also filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Chamberlin timely responded to the Motion to Dismiss, and Defendants timely replied. Thus, the Motion to Dismiss is ripe for determination.

## Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional authority to adjudicate the claim. *Home Builders Assoc. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts should consider the "jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

A federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and all parties in the matter are completely diverse. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity requires that each plaintiff is completely diverse from each defendant. *Caterpillar*, 519 U.S. at 68. In this case, the pleadings establish that the parties are completely diverse; Chamberlin is a citizen of Texas, and GEICO is a citizen of Maryland.[2] Also,

---

[2] By separate Findings, Conclusions, and Recommendation (ECF No. 16), the undersigned has recommended that Chamberlin's motion to remand be denied because Chamberlin improperly joined Tyrrell as a defendant to defeat diversity jurisdiction. Specifically, the undersigned found that Chamberlin failed to plead enough facts to establish a reasonable basis to conclude that Chamberlin can recover against Tyrrell for any of his asserted causes of action. Thus, Chamberlin improperly joined Tyrrell, and Tyrrell's Texas citizenship is not considered for purposes of determining whether there is complete diversity.

the amount in controversy exceeds $75,000. Accordingly, the Court has diversity jurisdiction.

Defendants also argue that Chamberlin's Insurance Code and DTPA claims are not ripe because he has not obtained a judgment establishing the other driver's liability for the Incident. "Ripeness is a component of subject matter jurisdiction, because a court has no power to decide disputes that are not yet justiciable." *Lopez v. City of Houston*, 617 F.3d 336, 341 (5th Cir. 2010). "A case or controversy must be ripe for decision, meaning that it must not be premature or speculative." *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). "Generally, issues are not ripe if 'further factual development is required.'" *Anderson v. Sch. Bd. of Madison Cty.*, 517 F.3d 292, 296 (5th Cir. 2008) (quoting *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). "If the purported injury is contingent on future events that may not occur as anticipated, or indeed may not occur at all, the claim is not ripe for adjudication." *Lopez*, 617 F.3d at 342 (citation, internal quotation marks, and alterations omitted). Thus, when a case is abstract or hypothetical, the court should dismiss for lack of ripeness. *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir. 2003).

Defendants rely primarily on *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006), which holds that an insurer has no contractual duty to pay a UIM claim until the negligence and underinsured status of the other driver are established. *Brainard*, 216 S.W.3d at 818. Thus, claims by the insured against the UIM insurer are not ripe unless it is first established that the insured is "legally

4

entitled to recover" from the other driver. *See Love v. Geico Indem. Co.*, 2017 WL 8181558, at *4 (W.D. Tex. Aug. 10, 2017). However, an insured is not required to obtain a judgment in order to be legally entitled to recover; instead, the insured may settle with the other driver and then litigate the UIM coverage with the insurer. *Brainard*, 216 S.W.3d at 818. Additionally, a judgment establishing the other driver's liability is not a condition precedent to stating an *extra-contractual* claim against the UIM insurer. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 880-81 (5th Cir. 2004).

In this case, Chamberlin alleges he settled his claim against the other driver for $30,000, the motorist's policy limit, before he brought this suit. Pet. 4, ¶ 11. Accordingly, Chamberlin's claims against GEICO are not unripe under *Brainard*. Moreover, Chamberlin asserts claims for violations of the Texas Insurance Code and the DTPA based on GEICO's failure to pay UIM benefits. Chamberlin can bring these extra-contractual claims prior to obtaining a judgment establishing the underlying UIM liability. *See Trejo v. Allstate Fire & Cas. Ins. Co.*, 2019 WL 4545614, at *8 (W.D. Tex. Sept. 19, 2019) (rejecting insurer's argument that insured cannot bring extra-contractual claims because she had not obtained a judgment establishing the liability and underinsured status of the other motorist), *adopted by* 2019 WL 4545614 (W.D. Tex. Sept. 19, 2019); *Hellstern v. Hartford Fire Ins. Co.*, 2015 WL 11120978, at *3 (N.D. Tex. June 23, 2015) (holding extra-contractual claims for violations of the Texas Insurance Code and the DTPA are not dependent on a judgment); *Fowler v. Gen. Ins. Co. of Am.*, 2014 WL 5879490,

5

at *4 (N.D. Tex. Nov. 13, 2014) (same). The Court should not dismiss Chamberlin's claims for lack of ripeness.

### Rule 12(b)(6)

Under Rule 12(b)(6), the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the

6

mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).³

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

The Court addresses Chamberlin's specific claims in turn below.

### I. Texas Insurance Code Chapter 541 Claims

Chamberlin has not stated a claim for a § 541.051 violation against GEICO. Section 541.051 prohibits making misrepresentations regarding a policy or an insurer by, among other things, making or circulating an estimate, illustration,

---

³ The parties dispute whether Rule 9(b)'s heightened pleading standard applies to Chamberlin's claims. But, with the exception of his claim under Texas Insurance Code § 542.056, Chamberlin's Petition fails to meet the federal plausibility pleading standard applied in a Rule 12(b)(6) analysis, much less the Rule 9(b) heightened fraud pleading standard. And, because § 542.056 does not contain a fraud element, the Court finds that claims under it are not subject to Rule 9(b) heightened pleading. *Albracht v. Indem. Ins. Co. of N. Am.*, 2019 WL 7040333, at *4 (N.D. Tex. Nov. 20, 2019) (citing *Trejo*, 2019 WL 4545614, at *7 (W.D. Tex. Sept. 19, 2019)), *remanded as moot by* 2019 WL 7039749 (N.D. Tex. Dec. 20, 2019). Accordingly, The Court applies the Rule 12(b)(6) plausibility standard to all Chamberlin's claims.

circular, or statement misrepresenting with respect to a policy: "(A) the terms of the policy; (B) the benefits or advantages promised by the policy; or (C) the dividends or share of surplus to be received on the policy[.]" Tex. Ins. Code § 541.051(1). In his Petition, Chamberlin alleges that GEICO issued him an insurance policy that provided coverage for "all damages incurred in a motor vehicle collision" where damages exceed the negligent party's liability insurance coverage and offered him "far less" than his damages sustained in the Incident. Pet. 4, ¶¶ 11, 14. But he does not allege that GEICO made any misrepresentations about the policy. Thus, his allegations fail to state a claim against GEICO under § 541.051(1).

Chamberlin has likewise not stated a § 541.052 violation against GEICO. Section 542.052 prohibits false information in advertising by prohibiting: "mak[ing], publish[ing], disseminat[ing], circulat[ing], or plac[ing] before the public . . . an advertisement, announcement, or statement containing an untrue, deceptive, or misleading assertion, representation, or statement regarding the business of insurance or a person in the conduct of the person's insurance business." Tex. Ins. Code § 541.052. But Chamberlin's Petition does not mention any advertisement, announcement, or statement by GEICO at all, let alone an untrue or deceptive one.

Chamberlin has also not stated a § 541.060 violation against GEICO. Section 541.060(a) prohibits engaging in unfair settlement practices by: (1) misrepresenting a material fact or policy provision relating to the coverage at

8

issue; (2) failing to attempt a prompt, fair, and equitable settlement of (a) a claim where the insurer's liability is reasonably clear; or (b) a claim under one portion of a policy where the insurer's liability is reasonably clear to influence a claimant to settle under another portion of the policy; (3) failing to promptly provide to a policyholder a reasonable explanation of the basis for the insurer's denial of a claim or an offer of a compromise settlement of a claim; (4) failing to affirm or deny coverage within a reasonable time; (5) refusing, failing, or unreasonably delaying settlement on the basis that a third party may be responsible for the damages suffered; (6) enforcing a full and final release of a claim from a policyholder when only partial payment has been made; (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim; (8) delaying or refusing settlement of a claim solely because there is other insurance of a different kind available to satisfy the loss; or (9) requiring a claimant to produce his federal income tax returns for inspection as a condition of settlement. Tex. Ins. Code § 541.060(a).

The only allegations of Chamberlin's that can plausibly be construed as allegations of unfair settlement practices are the conclusory statements that: (1) Tyrrell "conducted a substandard investigation," conduct which Chamberlin alleges is imputed to GEICO via *respondeat superior*; and (2) GEICO "failed to explain the facts or basis" for the Offer. The former most closely mirrors the § 541.060(a)(7) prohibition against refusing to pay a claim without conducting a reasonable investigation. Allegations related to substandard inspection can also

9

give rise to liability under § 541.060(a)(2)(A) for failing to attempt a fair and equitable settlement. *See*, *e.g.*, *Avila v. Metro. Lloyds Ins. Co.*, 2017 WL 1232529, at *13 (N.D. Tex. Feb. 21, 2017), *adopted by* 2017 WL 1211339 (N.D. Tex. Apr. 3, 2017). The latter allegation most closely mirrors the § 541.060(a)(3) prohibition against failing to promptly provide to a policyholder a reasonable explanation of the basis for the insurer's denial of a claim or an offer of a compromise settlement. However, these allegations do not state a claim against GEICO under § 541.060(a)(2)(A), (3), or (7) because they do not contain the measure of factual support to raise Chamberlin's right to relief above the speculative level.

Indeed, Chamberlin's allegation that GEICO failed to explain the basis for the Offer is too conclusory to state a claim under § 541.060(a)(3). Section 541.060(a)(3) "does not obligate an insurer to provide an insured every piece of information . . . the insurer has regarding the offer or the investigation." *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 534 (N.D. Tex. 2011), *aff'd,* 709 F.3d 515 (5th Cir. 2013). Rather, an insurer is required "to provide a *reasonable explanation* of the factual or legal basis in the policy" for an offer. *Id.* (emphasis added). A plaintiff who "fails to provide any factual basis for its belief that [the insurer's] explanation for a claim was unreasonable" has not stated a claim under § 541.060(a)(3). *See Columbia Mut. Ins. Co. v. Cedar Rock Lodge, LLC*, 2016 WL 1073051, at *4 (N.D. Tex. Feb. 3, 2016), *adopted by* 2016 WL 1059677 (N.D. Tex. Mar. 17, 2016). *See also Byrd v. Liberty Ins. Corp.*, 2018 WL 8807562, at *5 (S.D. Tex. Mar. 14, 2018) (finding allegations inadequate where

they did not "lay out any details from which the Court may evaluate (1) the promptness of Defendants' provision of explanations regarding policy determinations; (2) the particulars of the Parties' disagreement over the policy's coverage; or (3) the reasonability, or lack thereof, of Defendants' explanations regarding positions taken on Plaintiff's insurance claims"). Here, Chamberlin alleges GEICO provided no explanation at all for the Offer, but he does not allege any facts to show why this was unreasonable.

Chamberlin also alleges that because the Offer was less than Chamberlin's total damages, Tyrrell improperly adjusted Chamberlin's claim. *See* Pet. 4, ¶ 14. But the mere fact that the Offer was less than the total damages Chamberlin sustained does not raise an inference that the claim was improperly adjusted, and it does not, by itself, raise Chamberlin's right to relief under § 541.060(a)(2)(A) or (7) beyond the speculative level. *See DB Broadway Commons LLC v. Cent. Mut. Ins. Co.*, 2018 WL 9877972, at *4 (W.D. Tex. Aug. 14, 2018) ("Plaintiff's allegations that [the adjuster] conducted an 'inadequate' and 'results-oriented' investigation, and violated Sections 541.060(a)(2)(A) and 541.060(a)(7)[,] . . . are insufficient to state a claim under [the federal pleading standard], as the allegations are conclusory and merely track statutory language[.]").

Chamberlin has not stated a § 541.061 violation against GEICO. Section 541.061 prohibits misrepresenting an insurance policy by: "(1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under

11

which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact; (4) making a material misstatement of law; or (5) failing to disclose a matter required by law to be disclosed[.]" Tex. Ins. Code § 541.061. Chamberlin alleges that GEICO "failed to explain the facts or basis" for the Offer. Pet. 4, ¶ 14. This allegation does not state a claim under § 541.061 because it does not involve misstating material fact. And Chamberlin does not allege that the purportedly lacking explanation for the Offer excluded information required by law to be disclosed.

## II. Texas Insurance Code Chapter 542 Claims

Chamberlin has not stated a claim against GEICO for a § 542.003 violation. Section 542.003 prohibits unfair claim settlement practices and enumerates various actions that constitute unfair claim settlement practices. *See* Tex. Ins. Code § 542.003(b). Chamberlin's claim under § 542.003 fails as a matter of law because there is no private cause of action under § 542.003. *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 448 (5th Cir. 2011) (per curiam) (citing *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 148 (Tex. 1994)). This claim should be dismissed with prejudice.

Chamberlin also brings several claims under the Prompt Payment of Claims Act (PPCA), Texas Insurance Code § 542.055, *et seq*. Section 542.060 provides a private cause of action for violations of the PPCA. To prevail under § 542.060, the insured must establish: (1) the insurer's liability under the insurance policy; and

(2) that the insurer has failed to comply with one or more sections of the PPCA in processing or paying the claim. *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 813 (Tex. 2019), *reh'g denied*, (Dec. 13, 2019). The Court assumes without deciding that Chamberlin has adequately pleaded that GEICO is liable under the insurance policy and takes up in turn whether he has adequately pleaded violations of the various asserted PPCA provisions.

Chamberlin has not adequately alleged a § 542.055 violation. Section 542.055 provides that after an insurer receives notice of a claim it shall, within 15 days, acknowledge receipt of it, commence investigation, and request from the claimant all items, statements, and forms that the insurer reasonably believes will be required from the claimant. Tex. Ins. Code. § 542.055(a). Chamberlin's Petition is devoid of any fact indicating GEICO failed to acknowledge his claim, commence investigation, and request necessary items within the requisite 15 days. In fact, Chamberlin alleges that "[o]n May 6, 2019, [he] sent Defendants a package containing all the relevant and necessary information needed to evaluate [his] claim (including medical record affidavits, billing affidavits, police report, vehicle photos, and bodily injury photos)." Pet. 4, ¶ 13. Chamberlin also alleges that Defendants responded to his claim with the Offer on May 20, 2019—14 days later. Pet. 4, ¶ 14. Thus, not only do Chamberlin's allegations fail to describe how GEICO violated § 542.055, but they tend to undermine the applicability of § 542.055 altogether.

The Court comes to the opposite conclusion with respect to whether Chamberlin has stated a claim under § 542.056. Section 542.056 provides that "an insurer shall notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss," and that if the insurer rejects the claim, it must state the reasons for the rejection. Tex. Ins. Code § 542.056(a), (c). As discussed above, the facts as pleaded tend to indicate GEICO made the Offer within 15 days of receiving Chamberlin's claim and package of supporting documents. But Chamberlin also alleges that GEICO did not explain—and still has not explained—its basis for offering only $4,909.17 in UIM benefits. Pet. 4, ¶ 14. And Chamberlin alleges that $4,909.17 is "far less" than his total damages sustained as a result of the Incident. *Id.* These allegations, while sparse, are sufficient to state a claim under § 542.056. *See Carter v. Underwriters at Lloyd's, London*, 2018 WL 10483811, *4 (N.D. Tex. Apr. 13, 2018) (finding plaintiff stated a claim under § 542.056 where complaint alleged that defendant "partially rejected [p]laintiff's insurance claim and never provided a reason for the partial payment"); *cf. Terry v. Safeco Ins. Co. of Am.*, 930 F. Supp. 2d 702, 714 (S.D. Tex. 2013) ("Safeco sent a letter within 15 business days approving part of the Terrys' claim. Safeco's letter stated the reasons why it was not approving payment of the full amount that the Terrys requested.").

However, Chamberlin has not stated a claim for a § 542.057 violation. Section 542.057 provides that, "if an insurer notifies a claimant under Section

14

542.056 that the insurer will pay a claim or part of a claim, the insurer shall pay the claim not later than the fifth business day after the date notice is made." Tex. Ins. Code § 542.057(a). Chamberlin alleges that GEICO offered to settle his UIM benefits claim for $4,909.17. Such an offer does not trigger § 542.057. *Terry v. Safeco Ins. Co. of Am.*, 972 F. Supp. 3d. 965, 969 (S.D. Tex. 2013) ("The five-day-payment provision does not require payment of every settlement offer.").

Chamberlin has not adequately alleged a § 542.058 violation. Section 542.058 provides that "if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060." Tex. Ins. Code § 542.058. To the extent Chamberlin alleges that, to date, GEICO has not paid him what he is owed in UIM benefits, such an allegation is conclusory and does not state a claim for a § 542.058 violation. *See Tiras v. Encompass Home & Auto Ins. Co.*, 2011 WL 5827298, at *5 (S.D. Tex. Nov. 17, 2011) ("Plaintiffs state that Encompass delayed payment of their claim 'longer than allowed.' Indeed, Plaintiffs allege that Encompass has still not paid them in full. Yet Plaintiffs have not provided facts to support their conclusory allegations.").

### III. DTPA Claims

Finally, Chamberlin brings claims against GEICO under the DTPA. Chamberlin has not stated a claim against GEICO under § 17.50(b)(5) of the DTPA.

15

Section 17.46(b)(5) provides that "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not" is a deceptive trade practice. Tex. Bus. & Com. Code § 17.46(b)(5). Chamberlin alleges that GEICO issued him an insurance policy that covered "all damages incurred in a motor vehicle collision" where damages exceed the negligent party's liability insurance coverage and offered him "far less" than his damages sustained in the Incident. Pet. 4, ¶¶ 11, 14. Even viewing these allegations in the light most favorable to Chamberlin, the Court cannot infer more than the mere possibility of misconduct, as Chamberlin has not alleged any representation by GEICO at all. Thus, these allegations do not raise Chamberlin's right to relief against GEICO under § 17.46(b)(5) above the speculative level.

Chamberlin has likewise not stated a claim against GEICO under § 17.46(b)(9). Section 17.46(b)(9) provides that "advertising goods or services with intent not to sell them as advertised" is a deceptive trade practice. Tex. Bus. & Com. Code § 17.46(b)(9). As discussed above, Chamberlin's factual allegations do not mention any advertisement, let alone a false advertisement. Therefore, they do not state a claim that GEICO advertised its services with intent not to sell them as advertised under § 17.46(b)(9).

Chamberlin has not stated a claim against GEICO under § 17.50(a)(2). Section 17.50(a)(2) provides a cause of action for one who suffers damages as a

16

result of a breach of an express or implied warranty. *Id.* § 17.50(a)(2). Because Chamberlin's factual allegations do no refer to any warranty—express or implied—he has not stated a claim that GEICO has breached such a warranty. Indeed, the DTPA "does not create any warranties; therefore, any warranty must be established independently of the act." *La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 565 (Tex. 1984).

Chamberlin has not stated a claim against GEICO for a § 17.50(a)(3) violation. Section 17.50(a)(3) provides a cause of action for one who suffers damages as a result of any unconscionable action. Tex. Bus. & Com. Code § 17.50(a)(3). An unconscionable action is an "act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." *Id.* § 17.45(5). Section 17.50(a)(3) requires that the seller of a good or service take advantage of the consumer at the time of sale. *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 441 (Tex. 1995). Chamberlin does not allege that GEICO took advantage of his lack of knowledge, ability, experience, or capacity to a grossly unfair degree. Moreover, Chamberlin's allegations of misconduct relate only to the handling of the claim he made under the insurance policy in May 2019, not to the sale of the insurance policy itself. Accordingly, he has not stated a claim under § 17.50(a)(3).

Finally, Chamberlin has not stated a § 17.50(a)(4) claim against GEICO. Section 17.50(a)(4) provides a cause of action for one who suffers damages as a result of a violation of Chapter 541 of the Texas Insurance Code. Tex. Bus. & Com.

Code §17.50(a)(4). As discussed above, Chamberlin has not stated a claim under Chapter 541 of the Texas Insurance Code; thus, he necessarily has not stated a claim under § 17.50(a)(4) of the DTPA.

### IV. Leave to Amend

Chamberlin should be granted leave to amend his pleadings. After being served with a Rule 12(b) motion, a party may amend its pleading with the other party's written consent or with leave of court. Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given, and it is an abuse of discretion to deny leave to amend without justification. *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004). Indeed, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Chamberlin asks that, should the Court grant the Motion to Dismiss, he be afforded the opportunity to re-plead before the Court enters an order dismissing his suit. Resp. 8 (ECF No. 11). Chamberlin's request should be granted. Recognizing that Chamberlin brought his Original Petition in Texas state court, which follows a less stringent pleading standard than federal court does, Chamberlin should be afforded the opportunity to amend his pleadings to comply with the applicable federal pleading standards. *See Springcrest Partners, LLC v.*

18

*Admiral Ins. Co.*, 2012 WL 4459423, at *3 (N.D. Tex. Sept. 26, 2012) (recognizing differing pleading standards between Texas and federal courts and requiring plaintiff to file amended complaint omitting nondiverse defendant and complying with federal rules of civil procedure). Chamberlin's request for leave to amend his pleadings should be GRANTED.

## Recommendation

For the reasons stated, the Motion to Dismiss (ECF No. 5) should be DENIED in part and GRANTED in part. The District Court should deny the motion as to Chamberlin's claim under Texas Insurance Code § 542.056 and grant the motion with respect to Chamberlin's other claims. Chamberlin's claim under § 542.003 should be DISMISSED with prejudice, and the remaining claims should be DISMISSED without prejudice. The District Court should GRANT Chamberlin's request to amend his pleadings and allow Chamberlin 21 days from the date of any order accepting these Findings, Conclusions, and a Recommendation to file an amended complaint. If Chamberlin fails to timely amend his pleadings, the Court should DISMISS his claims against GEICO without further notice.

**SIGNED** May 27, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).