IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN CHAMBERLIN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:19-CV-2036-L** |
| § | |
| GEICO INDEMNITY COMPANY and § | |
| TOM TYRRELL,[1] § | |
| § | |
| Defendants. § | |

# **ORDER**

Before the court are two separate Findings, Conclusions, and Recommendations of the United States Magistrate Judge ("First Report" and "Second Report") (Docs. 16 & 17), entered by United States Magistrate Judge Rebecca Rutherford. In the First Report (Doc. 16), entered May 26, 2020, Magistrate Judge Rutherford recommends that the court deny Plaintiff Steven Chamberlin's ("Plaintiff") Motion to Remand (Doc. 8) and dismiss Defendant Tom Tyrrell from the suit for improper joinder. In the Second Report (Doc. 17), entered May 27, 2020, she recommends that the court grant in part and deny in part Defendant GEICO Indemnity Company's ("Defendant") Motion to Dismiss (Doc. 5) and grant Plaintiff's request to amend his pleadings.

On May 13, 2020, two weeks before Magistrate Judge Rutherford entered the Reports, she sent a letter to counsel (Doc. 14) inquiring whether the parties' circumstances had changed since filing the pending motions, and whether they had settled, or were in active negotiations to settle, such that a ruling on the pending motions would not be necessary or helpful. Counsel for Defendants responded to the letter on May 18, 2020, stating that the parties had "not settled this

---

[1] On June 15 and 29, 2020, Plaintiff Steven Chamberlin filed a First Amended Complaint (Doc. 19) and a Second Amended Complaint (Doc. 22), respectively, terminating Tom Tyrrell as a party to this action. As the Findings, Conclusions, and Recommendations of the United States Magistrate Judge (Docs. 16 & 17) involve Defendant Tyrrell, the court keeps his name in the caption to avoid confusion concerning the procedural posture of this case.

Order – Page 1

matter and Defendants [were] awaiting rulings on the motions[.]" Letter Resp. (Doc. 15). Plaintiff's counsel did not respond to Magistrate Judge Rutherford's letter. Accordingly, she entered the pending Reports, recommending action on both motions.

On June 9, 2020, Plaintiff filed his Objections to both Reports (Doc. 18). Specifically, Plaintiff objects to the Reports stating that "[s]hortly" after the magistrate judge sent the letter to counsel, "Plaintiff advised counsel for Defendants [that] Plaintiff agreed to file an Amended Complaint dropping all claims other than a declaratory judgment action against Defendant Geico Indemnity Company (including dismissal of all claims against Defendant Tyrrell)." Pl.'s Obj. 1. He further states that the Reports were entered "[b]efore [he] had an opportunity to prepare and file (an unopposed) Motion for Leave to amend the Complaint and an Amended Complaint[.]" *Id.* 1-2. Plaintiff contends that his agreement with Defendants to drop all claims against Tyrrell and all claims against GEICO other than for a declaratory judgment moots the Reports. *Id.* 2.

The court disagrees with Plaintiff's contention that both Reports are moot. First, the Magistrate Judge's recommendations—that Defendant Tyrrell be dismissed from the lawsuit and that Plaintiff be afforded the opportunity to amend his complaint as to GEICO in light of his failure to state many of his claims—are entirely consistent with the purported agreement Plaintiff made with Defendants. Second, Plaintiff had ample time to move for leave to file an amended complaint, or otherwise respond to the Magistrate Judge's letter indicating that a ruling on the pending motions would be unnecessary *before* the Reports were entered. Plaintiff failed to do so. For this reason, the court **overrules** Plaintiff's objection, as it relates to Plaintiff's Motion Remand. The court, however, **sustains** Plaintiff's objection with respect to Defendants' Motion to Dismiss but for reasons other than those articulated by him.

To be clear, the court agrees with the Magistrate Judge's findings and conclusions with respect to Defendants' Motion to Dismiss; however, the court has granted Plaintiff's Unopposed

Order – Page 2

Motion for Leave to File a Second Amended Complaint (Doc. 20), which was filed on June 26, 2020. As a new pleading has been filed, Defendants' Motion to Dismiss is now moot, as it was not based on the live pleading, and, as a result, the recommendations related to that motion are also moot.

After consideration of the motions, record, Reports, and applicable law, and after conducting a de novo review of the portions of the Reports to which Objections were made, the court **overrules in part and sustains in part** Plaintiff's Objections (Doc. 18) as herein stated. Accordingly, the court agrees with the findings and conclusions of the Magistrate Judge in the First Report (Doc. 16), and **accepts** them as those of the court. The court determines, however, that the findings and conclusions of the Magistrate Judge in the Second Report (Doc. 17) are **moot**, as Plaintiff has filed a Second Amended Complaint that nullifies the underlying motion to dismiss.

For the reasons herein stated, the court **denies** Plaintiff's Motion to Remand (Doc. 8), and, thus, Defendant Tom Tyrrell is **dismissed without prejudice** from the suit for improper joinder.[2] The court also **denies as moot** Defendants' Motion to Dismiss (Doc. 5), and Plaintiff's request to amend his pleadings, as such request has been granted by a previous order (Doc. 21).

Plaintiff's failure to timely communicate with the court has created this morass. Had Plaintiff responded to the Magistrate Judge's letter of inquiry and stated his intentions, she, as well as this court, could have preserved scarce judicial resources in ruling on unnecessary motions. Instead, Plaintiff failed to respond to her letter, or update the court on the parties intentions, until approximately four weeks letter. Moreover, Plaintiff's Objections are effectively "much ado about nothing," given that the Magistrate Judge's Report and the parties' late agreement accomplished the same result. Moving forward, the court expects the parties, particularly Plaintiff, to ensure that

---

[2] As previously indicated, Plaintiff's Amended Complaints (Docs. 19 & 22) removes Defendant Tyrrell as a party in accordance with this order and the First Report.

**Order – Page 3**

the parties' intentions are communicated in a timely manner so that the court's precious time and scarce judicial resources are not unnecessarily expended.

    **It is so ordered** this 10th day of July, 2020.

*[Signature]*

Sam A. Lindsay
United States District Judge

Order – Page 4